# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.      Case No. 07-Cr-0300

THOMAS W. CREWE,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH

## NATURE OF CASE

On November 27, 2007, a federal grand jury sitting in this district returned a one-count indictment against defendant Thomas W. Crewe charging him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The indictment also contains a forfeiture provision.

On December 13, 2007, the defendant appeared before United States District Judge William C. Griesbach for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion for suppression of evidence and requested an evidentiary hearing. (Docket #11). This motion will be addressed herein.

## MOTION FOR SUPPRESSION OF STATEMENTS

At the outset, the court notes that parties have agreed that no evidentiary hearing is needed at this time to resolve the suppression motion. Instead, they have filed a stipulation of facts pertinent to resolution of this motion.

## Stipulated Facts

Michele D. Crewe is defendant Thomas W. Crewe's ex-wife. In 2006, the defendant told his wife that the marriage was over and that he was moving out of the home. He also disclosed to her that he was a homosexual and had begun an intimate relationship with another man.

Ms. Crewe wanted to find out what she could about the defendant's relationship. The defendant owned a computer that Ms. Crewe had purchased for him earlier as a gift. She contacted a friend, Jeff Hendries, an information technologist (IT) professional and asked him to install some spyware on the defendant's computer so that she could monitor the defendant's activity. Ms. Hendries installed the spyware, but Ms. Crewe could not find much that satisfied her curiosity about the defendant's extramarital relationship.

The defendant moved out of the marital residence on June 30, 2006, and took his personal belongings with him, including the computer and related equipment. However, between the time that he declared his intention to move and his moving, Ms. Crewe had surreptitiously removed the Central Processing Unit (CPU) containing the hard drive storage unit from the defendant's computer. She did not tell him that she had removed the CPU, which she hid in a closet. After the defendant moved out of the marital residence, he discovered that his CPU was missing. He demanded that Ms. Crewe return it to him, but she refused to do so. She demanded that the defendant give her the password to his CPU so that she could see his files. The defendant told her that his files were private and he did not

consent to her keeping the CPU or viewing his files. During their argument, the defendant admitted that he had probably visited some gay adult pornography websites.

In late July 2006, Ms. Crewe again contacted Mr. Hendries, who installed a password busting program onto the CPU. The program worked and Mr. Hendries was able to access the defendant's CPU. Upon viewing the "C" drive, Mr. Hendries observed websites visited by the defendant that included screen photographs depicting young boys approximately 12 years of age and older posing naked or involved in sexually suggestive positions. Mr. Hendries and Ms. Crewe searched through the computer for approximately three hours.

Subsequent to finding the images of child pornography, Ms. Crewe immediately contacted the defendant and told him what Mr. Hendries had found on the computer. The defendant denied any knowledge of such files. Ms. Crewe told him that possessing such images was illegal and that he would go to jail. Ms. Crewe and the defendant agreed that the defendant needed therapy and the defendant agreed to get therapy. In late July or early August 2006, Ms. Crewe moved the computer to the residence of Carin Haen, her adult daughter.

On February 13, 2007, Ms. Crewe contacted the Federal Bureau of Investigation (FBI) and told FBI Special Agent Roberto Molina about the child pornography on the computer. She also consented to Special Agent Molina's retrieval of the computer. She stated that to date the defendant had not obtained the therapy that he previously had agreed to receive. On February 14, 2007, Special Agent Molina received the defendant's computer from Ms. Haen. One week later, the FBI obtained a search warrant for the computer's hard drive. Pursuant to the search warrant, FBI agents searched the hard drive and retrieved images believed to constitute child pornography.

- 3 -
Case 1:07-cr-00300-WCG   Filed 02/04/08   Page 3 of 7   Document 19

**Analysis**

The defendant seeks to suppress evidence acquired by the government from the CPU unit owned by the defendant and provided to the government by the defendant's ex-spouse, Michele Crewe. He asserts that the evidence was acquired contrary to his Fourth Amendment right against unreasonable searches and seizures. The defendant also maintains that the search by his ex-spouse and Jeff Hendries violated his right to privacy.

In response, the government asserts that the Fourth Amendment applies to searches conducted by the government, not to searches conducted by private individuals. The government maintains that a civil lawsuit is the remedy for addressing violations of a person's right to privacy by a private citizen.

The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. United States v. Ginglen, 467 F.3d 1071, 1074 (7th Cir. 2000). However, that constitutional restriction does not extend to purely private searches. Walter v. United States, 447 U.S. 649 (1980); Burdeau v. McDowell, 256 U.S. 465 (1921). The Fourth Amendment "is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of a government official." United States v. Jacobsen, 466 U.S. 109, 113 (1984) (citation and internal quotation omitted); United States v. Hall, 142 F.3d 988, 993 (7th Cir. 1998). The Court in Walter, 447 U.S. at 656, explained that "a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment and that such private wrongdoing does not deprive the government of the right to use evidence that it has acquired lawfully." However, as noted in United States v. Feffer, 831 F.2d 734, 737 (7th Cir. 1987), the government may not accomplish through a private individual forbidden activity. If, in light of all the circumstances a private party conducting a search must be regarded as an instrument

or agent of the government, the Fourth Amendment applies to that party's actions. Feffer, 831 F.2d at 737.

"When determining where a private citizen has acted as a government agent, the question is whether in light of all the circumstances of the case [the person] must be regarded as having acted as an *instrument or agent of the state. . .."* Hall, 142 F.3d at 993 (quoting United States v. McAllister, 18 F.3d 1412, 1417 [7th Cir. 1994][citation and internal quotation omitted]). Two critical factors in the "instrument or agent analysis" are: 1) whether the government knew of and acquiesced in the intrusive conduct and 2) whether the private party's purpose for conducting the search was to assist law enforcement efforts or to further her own ends. Id.; Feffer, 831 F.2d at 739. Another consideration is whether the government offered the private actor a reward. Ginglen, 467 F.3d at 1074.

The analysis of whether an individual acted as a "instrument or agent" must be made on a case-by-case basis and, in light of all the circumstances. Feffer, 831 F.2d at 739. It is the movant's burden to establish, by a preponderance of the evidence that the private party acted as a government instrument or agent. Id.; United States v. Shahid, 117 F.3d 322, 325 (7th Cir. 1997).

In Walter, cited by the defendant, an interstate shipment of several securely sealed packages containing obscene materials was mistakenly delivered to a third party. An employee opened one or two of the boxes, discovered the obscene films and contacted the FBI. Bureau agents viewed the films without first obtaining a warrant. The Supreme Court found that the agents exceeded the scope of the private search by viewing the films and, therefore, a search warrant or exigent circumstances was required. 447 U.S. at 658. Because the conduct of the FBI agents constituted a search and exceeded the scope of the initial private party search, the Court held that the search violated the Fourth Amendment.

In this case, although there was a private search by Ms. Crewe, the government took custody of the defendant's CPU and obtained a search warrant before searching the CPU and obtaining the contraband. Thus, Walter, is clearly distinguishable from the facts in this case.

In Hall, also cited by the defendant, a computer repair person found child pornography on the defendant's computer after the defendant brought the computer in for repairs. The court found that the computer repairman's search of the computer was a private search which was completed in the normal course of the company's business and was not violative of the Fourth Amendment. The court noted that the government had no knowledge that the employee was going to repair the defendant's computer and the repairman did not contact the government until after the evidence had been discovered. 142 F.3d at 993.

In this case, as in Hall, the search by Ms. Crewe was done without governmental knowledge, assistance or instruction. Although the defendant asserts (without citation to any authority) that Ms. Crewe was acting as an agent for the government, there is no evidence of any such relationship when she searched the defendant's computer. Moreover, Ms. Crewe found the images of child pornography on the CPU in July or August 2006, removed the computer to her daughter's residence and first contacted the FBI on February 13, 2007. Prior to searching the defendant's CPU, the FBI agents obtained a search warrant based on information provided by Ms. Crewe.

Here, defendant has failed to meet his burden of showing that his ex-wife acted as a government instrument or agent. The undisputed facts establish that the government did not know or acquiesce in the activity of Ms. Crewe and Mr. Hendries. Since the initial search was conducted by a private person without any government involvement, that search did not violate the Fourth Amendment. Government agents only searched the defendant's computer after

a search warrant had been obtained. There was no violation of the Fourth Amendment. Accordingly, this court will recommend that the defendant's motion for suppression of evidence be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Thomas W. Crewe's motion for suppression of evidence. (Docket #11).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 4th day of February, 2008.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge
